**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**THE WASHINGTON BLADE,**
1712 14th Street NW, Second Floor
Washington, DC 20009

and

**CHRISTOPHER C. JOHNSON**
c/o The Washington Blade
1712 14th Street NW, Second Floor,
Washington, DC 20009,

           **Plaintiffs**,

**v.**

**U.S. DEPARTMENT OF STATE**
The Executive Office,
Office of The Legal Adviser
Suite 5.600
600 19th Street N.W.
Washington, DC 20522,

           **Defendant**.

---

Civil Action No. 1:21-cv-2196

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF FOR**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

     Plaintiffs The Washington Blade and Christopher C. Johnson (collectively, the "Blade"),

by and through their undersigned attorneys, allege as follows:

**Introduction**

     1.     The Blade brings this action under the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552, et seq., to enjoin the United States Department of State, Office of Information

Programs and Services ("DOS"), from continuing to improperly withhold agency records that are

responsive to a request sent by the Blade to DOS on September 25, 2020, seeking records of

certain emails to and from the U.S. ambassador to Germany ("Request"), and directing the

agency to promptly disclose the records.

1

2.     DOS has taken no action in response to the Request, and has indicated that it will not fulfill the request until ***more than three years*** after the Request was made.  In essence, DOS has kicked the can down the road so far that the purpose for which the requested records may be used will have long disappeared by the time they see the light of day.

3.     DOS has offered no explanation for its estimated three-year delay other than the fact that it receives a large volume of FOIA requests.

4.     The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted).  "[D]isclosure, not secrecy, is the dominant objective" of FOIA.  *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8, (2001) (internal quotation marks and citations omitted).  The Blade plays a critical role in providing information to citizens about "what their government is up to."  Indeed, the First Amendment's guarantee of freedom of the press is meant to enable journalists to play an "essential role in our democracy," to "bare the secrets of government and inform the people." *New York Times. Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J. concurring).

5.     Through its FOIA Request, the Blade seeks to fulfill its journalistic function and to shine a public light on the State Department's efforts to decriminalize homosexuality around the world, and how those efforts were received by the Trump administration.  This information is critical for voters who would want to be informed of the their elected officials' activities, as well as the activities of those government officials who speak on behalf of the United States and its

citizens as ambassadors, especially if and when such an individual is contemplating running for the office of governor of a State within the United States.

6.     The Blade seeks records that will shine a light on the activities of former U.S. ambassador to Germany and Acting Director of National Intelligence Richard Grenell.  DOS's failure to produce those records (a failure which DOS itself estimates will continue for years to come) is a violation of the FOIA.

## Jurisdiction and Venue

7.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

8.     Plaintiff Washington Blade is a newspaper in the Washington, DC, metropolitan area that focuses its reporting on issues relevant to the LGBTQ community.  Originally launched in October 1969, it is the oldest LGBTQ newspaper in the United States, and serves an audience of more than 20,000 people, making it the third largest LGBTQ newspaper in the United States by circulation.  According to the New York Times, the Blade is "one of the most influential publications written for a gay audience."

9.     Plaintiff Christopher C. Johnson is a resident and citizen of the District of Columbia, and the Chief Political and White House Reporter for the Blade.  With more than 15,000 Twitter followers, he works for the Blade from an office in Washington, DC, and is a member of the White House Correspondents' Association.

10.     Defendant DOS is a component of the Executive Branch of the United States Government.  Defendant is an "agency" within the meaning of 5 U.S.C. § 522(f).  Plaintiffs are informed and believe Defendant has possession and control of the records sought by the Request.

## Statutory and Regulatory Background

11.     The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

12.     An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of which of the requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head.  5 U.S.C. § 552(a)(6)(A)(i).

## The Blade's Interest in the United States' Initiatives to
## Decriminalize Homosexuality Around the World

13.     The Washington Blade has reported on a number of stories addressing the Trump administration's global campaign to end criminalization of homosexuality in the estimated 70 nations where it is still illegal to be gay.

14.     Since 2019, the Blade has been publishing articles reporting on the initiative.  For example, on assignment for the Blade, Mr. Johnson interviewed attendees of the April 2019 Conservative Political Action Committee Conference to ask them about Trump's initiative and how they reconciled support for Trump's initiative with other policies of the Trump administration that seemed opposed to the interests of the LGBTQ community, including the transgender military ban and "religious freedom" initiatives seen to enable to discrimination against members of the LGBTQ community.  Mr. Johnson's reporting on these interviews and global initiative were published in the Blade.  *See*

https://www.washingtonblade.com/2019/03/05/surprise-trump-global-plan-to-decriminalize-homosexuality-has-fans-at-cpac/.

15.     In September 2020, the Blade reported on comments made by Richard Grenell, former U.S. ambassador to Germany, Acting Director of National Intelligence, and the highest-profile openly gay person in the Trump administration.  Grenell had been the leader of the Trump administration's global initiative to decriminalize homosexuality, and his comments came in the wake of Iran's execution of 27-year old wrestler Navid Afkari, who was killed after denouncing the Iranian regime.  In response to the execution, Grenell publicly called for the International Olympic Committee to exclude Iran from the Olympic Games to be held in Tokyo, Japan, in 2021.  *See* https://www.washingtonblade.com/2020/09/23/grenell-defends-progress-in-global-initiative-to-decriminalize-homosexuality/.

16.     The Blade has continued its reporting on developments related to Grenell and his continued efforts to address global anti-LGBTQ sentiment.  *See*

https://www.washingtonblade.com/2020/10/06/grenell-says-not-meeting-with-germanys-far-right-leader-a-difficult-thing-report/.

17.      It had been reported that Grenell was considering declaring his candidacy for this year's California governor recall election.  *See*

https://www.politico.com/states/california/story/2021/02/12/grenell-lays-groundwork-for-california-gubernatorial-run-1363378; *see also*

https://www.politico.com/states/california/story/2021/05/11/grenell-still-weighing-california-recall-bid-as-republican-field-grows-9426406.

18.     Even though Grenell eventually announced he would not run in the upcoming recall election, he may be considering a run in the regularly scheduled 2022 California

gubernatorial election.  *See* https://californiaglobe.com/section-2/former-ambassador-ric-grenell-announces-that-he-will-not-run-for-governor-in-2021/.

19.     Grenell was the face of the Trump administration's efforts to decriminalize homosexuality around the world and efforts to reach LGBTQ voters.  He has remained an active participant in conservative media after the end of the Trump presidency.  The general public, and the Blade's readership, would benefit from knowing the details of Grenell's activities while a part of the Trump administration, and how or whether his tenure as U.S. ambassador to Germany and Acting National Security Advisor had an impact on the administration's approach to LGBTQ issues both domestically and globally.

20.     If and when Grenell runs for governor of California, voters will want to know about his record on LGBTQ issues and the extent of his success, if any, at promoting the interests of the LGBTQ community in his past roles in the Department of State under the Trump administration.

<b>The Blade's Request for Release of Email Records Regarding<br><u>U.S. Initiatives to Decriminalize Homosexuality</u></b>

21.     On September 25, 2020, the Blade requested under FOIA certain email records to and from the U.S. ambassador to Germany.  Specifically, the Blade requested:

> all emails to and from the persons in the role of U.S. ambassador to Germany including the words "initiative," "homosexuality," "gay" "criminalize," "decriminalize," "criminalization" or "decriminalization" from May 15, 2019 to June 30, 2020. Please delete all duplicates.

*See* **Ex. A**.

22.     The Blade requested expedited handling for its FOIA request on the ground that the Blade is a member of the news media seeking information as part of a news gathering effort.

23.     By email to Mr. Johnson dated September 25, 2020, DOS acknowledged that it had received the Blade's FOIA Request described *supra* at ¶ 21, assigned it subject reference

6

number "Ref: F-2020-08789" and stated that the Request had been "placed in the complex processing track where it will be processed as quickly as possible," citing 22 C.F.R. § 171.11(h). Attached as **Exhibit B** is DOS's September 25, 2020 email.

24.      DOS, citing 22 C.F.R. § 171.11(f), also denied the Blade's request for expedited handling of the request, stating that the request did "not demonstrate a 'compelling need' for the requested information."  **Ex. B**.

25.      Finally, DOS stated that it would not respond within the 20 days provided under FOIA due to "unusual circumstances," which, according to DOS, included "the need to search for and collect requested records from other Department office or Foreign Service posts."  **Ex. B**.

### DOS's Radio Silence and Eventual Estimated Date of Completion More Than Three Years After the Date of the Blade's FOIA Request

26.      Mr. Johnson reached out to DOS on November 5, 2020 for a status update on the Blade's FOIA Request, and stated that he would be willing to change the parameters of the Request if that would help expedite processing.  *See* **Ex. C**.

27.      DOS responded the following day, saying merely that the request was "in process" and that Mr. Johnson would be notified of the results of DOS's search when available. *See* **Ex. C**.

28.      After hearing nothing from DOS for nearly three more months, Mr. Johnson reached out again on February 2, 2021 for more information.  In an attempt to help expedite processing of the Blade's Request, Mr. Johnson also requested that the scope of the Request be narrowed by deleting the terms "criminalize" and "criminalization" from the search.  *See* **Ex. D**.

29.      On February 3, DOS acknowledged receipt of Mr. Johnson's February 2 status update request, and Mr. Johnson's request to narrow the scope of the Blade's FOIA Request was forwarded "to the processing team for their information and appropriate action."  *See* **Ex. E**.

30.     On February 5, DOS responded further that the Blade's Request "continues to be processed" and the estimated date of completion ("EDC") was October 23, 2023.  *See* **Ex. D**.

31.     DOS's EDC was ***more than three years*** after the date the Blade submitted its FOIA Request.

32.     By letter dated February 15, 2021, addressed to DOS, the Blade submitted an Appeal of Constructive Denial of Freedom of Information Act Request F-2020-08789, which recounted the factual background described above.  *See* **Ex. F**.  In its appeal, the Blade also explained that DOS is required to make records "promptly available" to the requester, and that an EDC of October 23, 2023 would be simply unacceptable. *See* **Ex. F**.

33.     Over a month later, by letter to Mr. Johnson dated March 29, 2021, a DOS Appeals Officer responded that because no specific material had been denied in response to the Request, it was not subject to administrative appeal at that time.  The Appeals Officer "confirmed that [the Blade's] request is being processed," but informed Mr. Johnson that DOS "receives thousands of FOIA and Privacy Act requests each year and yours will be processed in turn." **Ex. G**.

34.     As of July 30, 2021, DOS confirmed that the "request remains in process and has an estimated date of completion of October 23, 2023" and that "there will be a delay in processing FOIA requests." **Ex. H**.

35.     To date, almost one year after the Blade submitted its FOIA request, DOS has produced zero documents in response to the Blade's Request, and there has been no indication that any search for documents has begun.  By the time DOS's estimated date of completion (October 23, 2023) arrives, more than three years will have passed since the date of the Request,

California's 2021 Gubernatorial Election will be long-over, and the purpose of the Request will have disappeared.

36.     In the end, if the Blade is not granted the relief it seeks here, it will be the American voting public who is deprived of potentially invaluable information and records that would otherwise have contributed to a well-informed electorate.

**PLAINTIFFS' CLAIM FOR RELIEF**

**COUNT I**
**(Failure to Produce Documents)**

37.     Plaintiffs repeat and re-allege the above paragraphs as if fully restated here..

38.     The Blade properly submitted a FOIA request for documents from DOS—namely, copies of emails to and from the U.S. Ambassador to Germany created between May 15, 2019 and June 30, 2020, that contained the terms "initiative," "homosexuality," "gay," "criminalize," "decriminalize," "criminalization" or "decriminalization."

39.     FOIA requires agencies to determine within 20 working days after the receipt of a FOIA request whether to comply.  *See* 5 U.S.C. § 552(a)(6)(A)(i).

40.     In certain "unusual circumstances," the 20-day time limit to make a determination can be extended by no more than 10 days, and the agency must notify the requester of the date on which a determination is expected.  *See* 5 U.S.C. § 552(a)(6)(B)(i).

41.     If an agency determines that it will comply with a request for records, those records shall be made "promptly available" to the requester.  *See* 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i).  This means within days or a few weeks of a determination, ***not months or years***.

42.     DOS failed to issue a determination on the Blade's Request within the time required by the FOIA, and has since communicated to Plaintiffs that DOS estimates that it will

not complete the Request until October 23, 2023, ***more than three years*** after the date of the Request, all in violation of FOIA.

43.     As a result of the actions complained of herein, the Blade's access to government records that it is entitled to review has been improperly delayed, in violation of the FOIA.

44.     Accordingly, the Blade is entitled to injunctive and declaratory relief with respect to the immediate issuance of a determination on and processing of its Request.

## Requested Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

(1)     Order Defendant to immediately and fully process Plaintiffs' September 25, 2020 FOIA Request and disclose all non-exempt documents immediately to Plaintiffs;

(2)     Issue a declaration that the agency violated FOIA and Plaintiffs are entitled to immediate processing and disclosure of the requested records;

(3)     Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(4)     Award Plaintiffs their costs and reasonably attorneys' fees in this action; and

(5)     Grant such other relief as the Court may deem just and proper.

Dated:  August 17, 2021

                                         Respectfully submitted,

                                         */s/ Courtney DeThomas*
                                         Courtney DeThomas (D.C. Bar No. 888304075)
                                         courtneydethomas@dwt.com
                                         DAVIS WRIGHT TREMAINE LLP
                                         1301 K Street NW; Suite 500 East
                                         Washington, D.C. 20005-3317
                                         (202) 973-4200
                                         (202) 973-4499 (fax)

Thomas R. Burke (*pro hac vice* forthcoming)
thomasburke@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111
(415) 276-6500

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August, 2021, I caused the foregoing Complaint for Injunctive and Declaratory Relief for Violation of the Freedom of Information Act to be served via the court's CM/ECF system upon the Clerk of the Court and via First Class mail, postage prepaid, upon the following persons:

**U.S. DEPARTMENT OF STATE**
The Executive Office,
Office of The Legal Adviser
Suite 5.600
600 19th Street N.W.
Washington, DC 20522

*/s/ Courtney DeThomas*
Courtney DeThomas